ORIGINAL



FILED

04/23/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0680

## IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 22-0651
DA 22-0678
DA 22-0679
DA 22-0680

---

STATE OF MONTANA,

Plaintiff and Appellee,

v.

REX WILLIAM ALLEN,

Defendant and Appellant.

ORDER



FILED

APR 2 3 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

---

Appellant Rex William Allen, via counsel, moves this Court for clarification as to the status of his appeal. Counsel explains that the District Court entered orders while Allen's appeal remained pending in this Court and counsel is unclear as to the effect of those orders and whether they fulfill this Court's objectives in remanding the matter.

On August 31, 2022, the Thirteenth Judicial District Court, Yellowstone County, sentenced Allen in the four criminal cases he has since appealed. Allen was represented by counsel appointed by the Office of Public Defender (OPD) at that time. Immediately after sentencing, he moved, representing himself, for removal of his current counsel, appointment of new counsel, and leave to withdraw his guilty pleas. The next day, the District Court entered judgment in each case.

On September 19, 2022, Allen, again representing himself, applied for Sentence Review. The Sentence Review Division immediately rejected his application because of his pending motions.

On November 1, 2022, the State moved the District Court for an extension of time to respond to Allen's August 31, 2022 motions, but the District Court denied the State's motion the following day, asserting there were no pending motions in this case. On

November 3, 2022, Allen, representing himself, filed another motion to withdraw his plea. On November 4, 2022, the District Court issued an order that granted the State an extension of time to respond to that motion.

However, while that motion remained pending, Allen petitioned this Court for leave to pursue an out-of-time appeal on November 19, 2022. He further requested appointment of appellate counsel. He advised us that he had discussed filing an appeal with his appointed trial counsel, but counsel did not timely file an appeal in this Court.

On November 22, 2022, Allen's public defender moved to withdraw in the District Court case and the District Court granted the motion. It is unclear as to whether Allen's counsel or the court knew that he had petitioned this Court for out-of-time appeal as Allen's petition is not in the District Court record. On that day, Allen, representing himself, filed two additional motions in the District Court: a motion to appoint counsel, and a motion he captioned as an "Injunction" in which he sought phone records.

On November 29, 2022, we granted Allen's motion for out-of-time appeal and appointed the Appellate Defender Division (ADD) to represent him. ADD appeared and filed a Notice of Appeal in each case on December 19, 2022; as required by our Rules, ADD filed the Notice of Appeal in each case in the District Court as well. The Clerk of the District Court also transmitted the record to this Court on December 19, 2022.

In spite of the Notices of Appeal, filings continued in Allen's District Court cases. On January 6, 2023, the State moved for an extension of time to respond to the pending motions, which the District Court granted. The State filed its response to Allen's motion to withdraw his plea on February 6, 2023, and Allen filed his reply to the State's response on February 27, 2023.

At that time, we were unaware of these filings because the District Court record had previously been transmitted. After transcripts were filed on January 25, 2023, the record, which did not contain any District Court filings after December 19, 2022, was considered complete for purposes of appeal and ADD requested, and was granted, a series of motions for extension of time to file the opening brief on appeal.

2

On March 11, 2024, Allen, via appellate counsel, moved this Court for an order remanding this matter to the District Court and staying this appeal pending the District Court's ruling on Allen's pending motions. Counsel advised us as to the existence of Allen's pending District Court motions for appointment of new counsel and to withdraw his pleas.

On March 14, 2024, while Allen's motion for remand was pending in this Court, the District Court issued an Order Denying Defendant's Motion to Withdraw Guilty Pleas, Denying Motion to Appoint Counsel and Denying Motion to Subpoena Records. Both Allen and the State agree that the District Court had no jurisdiction to issue this order because of the pending appeal.

On March 20, 2024, we granted Allen's motion for remand, further ordering that the Office of Public Defender appoint him new counsel upon remand, and staying this appeal pending our receipt of the District Court's rulings. At the time we issued that Order, we were unaware of the District Court's March 14, 2024 order as it had not been transmitted to this Court.

On March 21, 2024, the District Court supplemented the record on appeal, filing its March 14, 2024 Order Denying Defendant's Motion to Withdraw Guilty Pleas, Denying Motion to Appoint Counsel and Denying Motion to Subpoena Records in this Court.

On March 22, 2024, in spite of the District Court's order denying appointment of counsel, the Office of Public Defender assigned Robert Kelleher as counsel for Allen in the District Court cases.

Allen now asks us for clarification as to the status of his appeal. Allen argues that the District Court's March 14, 2024 order is void as that court had no jurisdiction to rule on his pending motions at that time, and alternately the District Court failed to execute this Court's remand instructions because it did not appoint him counsel. He asks this Court to issue an Order specifying that this appeal remains on remand in the District Court and

directing that court to appoint counsel and subsequently rule on his pending motions.[1] Allen further requests that he be afforded the opportunity to consult with appointed counsel, who may request further proceedings on the pending motions prior to the District Court's disposition of those motions. Allen further advises us the State does not oppose his motion for clarification and the State agrees the District Court lacked jurisdiction when it entered its order denying his motions.

We agree that the District Court lacked jurisdiction when it disposed of Allen's motions.

IT IS THEREFORE ORDERED that this case remains REMANDED to the Thirteenth Judicial District Court for the purpose of ruling on Allen's pending motions. Since OPD has appointed counsel to represent Allen in the District Court, we need not direct the District Court to do so.

IT IS FURTHER ORDERED that the District Court's March 14, 2024 Order Denying Defendant's Motion to Withdraw Guilty Pleas, Denying Motion to Appoint Counsel and Denying Motion to Subpoena Records is VOID and VACATED.

IT IS FURTHER ORDERED that Allen's appointed counsel may request further proceedings pertaining to Allen's pending motions.

IT IS FURTHER ORDERED that the District Court shall issue a written decision on Allen's pending motions after the conclusion of briefing or following an evidentiary hearing, if one is held. If the District Court denies Allen's motions to withdraw his guilty pleas, it shall file a written decision to that effect and promptly supplement the record on appeal with such order. The District Court shall further supplement the record on appeal on an ongoing basis with all further filings made in that court in this case. If the District

---

[1] It appears that Allen's appellate counsel is unaware that, even though the District Court denied Allen's motion for appointment of counsel on March 14, 2024, OPD appointed Allen new counsel on March 22, 2024.

4

Court grants the motion, Allen, via counsel shall take appropriate action to resolve this appeal.

IT IS FURTHER ORDERED the appeal in this matter is STAYED and the briefing schedule is vacated until the District Court issues a new decision on Allen's pending motions.

The Clerk is directed to provide copies of this Order to all counsel of record, to the Clerk of Court for Yellowstone County, and to the Honorable Ashley Harada, presiding District Judge.

Dated this 23rd day of April, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices

5